IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PABLO MONROE ANTILLON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO REDUCE THE TERM OF IMPRISONMENT<br><br><br>Case No. 2:17-CR-237 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Emergency Motion to Reduce the Term of Imprisonment. Defendant seeks release pursuant to 18 U.S.C. § 3852(c)(1)(A). For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

Defendant was charged with possession of methamphetamine with intent to distribute in April 2017. On October 30, 2017, Defendant pleaded guilty, admitting to transporting approximately 15 pounds of methamphetamine from California to Colorado. Defendant was sentenced to 60 months' imprisonment, 27 months below the low-end of the Guideline range. Defendant has served 2 years of his sentence and has a scheduled release date in 2022. He now seeks to reduce his sentence to time served based on his health conditions and the COVID-19 pandemic.

1

## II.  DISCUSSION

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1]  18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

The United States Sentencing Commission has issued a policy statement for sentence reductions under this provision.  The policy statement provides that the Court may reduce a term of imprisonment under § 3582(c)(1)(A) if, after considering the factors under 18 U.S.C. § 3553(a), the Court determines: (1) extraordinary and compelling reasons warrant release; (2) the defendant is not a danger to the safety of any other person or to the community; and (3) the reduction is consistent with the policy statement.[2]

The United States argues that Defendant's Motion should be denied because: (1) Defendant has failed to exhaust his administrative remedies; (2) he has not identified extraordinary and compelling reasons for his reduction in sentence; and (3) he poses a significant danger to the community.

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

[2] U.S.S.G. § 1B1.13.

A.     EXHAUSTION

"Before passage of the First Step Act of 2018, district courts could grant compassionate release sentence reductions only upon a motion by the [Bureau of Prisons] Director."[3] After the First Step Act, a motion for modification may be brought directly by the prisoner. Before doing so, the prisoner must fully exhaust all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or there must be a lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

Defendant has attached to his Motion a request to the warden dated April 8, 2020. The United States asserts that Defendant has not sought release through the Bureau of Prisons but does not address the request Defendant provided the Court. Based on that document, it appears that Defendant has complied with the exhaustion requirements as he filed his Motion more than thirty days after making a request to the warden.

B.     EXTRAORDINARY AND COMPELLING REASONS

The Sentencing Commission has been given the responsibility to describe "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[4] Relevant here, the Sentencing Commission has stated that a defendant "suffering from a serious physical or medical condition" "that substantially diminishes the ability of the defendant to provide self-care within the environment

---

[3] *United States v. Beck*, 425 F. Supp. 3d 573, 577–78 (M.D.N.C. 2019).

[4] 28 U.S.C. § 944(t).

of a correctional facility and from which he or she is not expected to recover" may be considered for a sentence reduction.[5]

Here, Defendant is obese and suffers from hypertension. Defendant contends that these conditions, in conjunction with the current COVID-19 pandemic, warrant a sentence reduction. The Centers for Disease Control and Prevention has stated that people that suffer from obesity and high blood pressure have a higher risk for severe illness from COVID-19.

The government concedes that the standard of extraordinary and compelling circumstances may be met where an inmate has a chronic medical condition that has been identified by the CDC as elevating their risk for becoming seriously ill from COVID-19. However, the government contends that Defendant fails to provide sufficient information to support his claim. In response, Defendant, though counsel, has provided his medical records, which show that Defendant is obese and, though he has not been diagnosed with hypertension, the medical records contain blood pressure readings showing Defendant is hypertensive.

Those records, however, also indicate that Defendant tested positive for COVID-19 in May 2020.[6] Defendant was asymptomatic and has now recovered.[7] Thus, while in theory Defendant's conditions could make him more susceptible for becoming seriously ill, the reality is that he did not. While Defendant raises concerns of reinfection, there are currently only two cases of COVID-19 at FCI Lompoc, where Defendant is housed. Therefore, Defendant has failed to demonstrate extraordinary and compelling circumstances to justify his release. Based

---

[5] U.S.S.G. § 1B1.13, Application Note 1(A).

[6] Docket No. 46-1, at 17.

[7] *Id.*

on this, the Court need not determine whether Defendant is a danger to the community or whether his release comports with the factors set out in § 3553(a).

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Emergency Motion to Reduce the Term of Imprisonment (Docket No. 43) is DENIED.

DATED this 13th day of August, 2020.

BY THE COURT:

Ted Stewart
United States District Judge